**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**HARLEY HREJN,**

    **Plaintiff,**

vs.                               **CASE NO. 4:23-cv-00296-WS-MAF**

**RICKY DIXON, SEC'Y,
DEP'T OF CORR.,**

    **Defendants,**
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, filed a second amended complaint, ECF No. 10, after the undersigned issued a Report recommending dismissal because Plaintiff made affirmative misrepresentations relating to her litigation history. The Report remains pending; and Plaintiff filed objections, ECF No. 11. It remains this case should be dismissed as malicious.

**I.**    **Plaintiff's Second Amended Complaint, ECF No. 10.**

Again, Plaintiff failed to properly respond to the questions relating to her litigation history. Section VII, Questions B and C are entirely missing. ECF No. 10, pp. 15-16. Plaintiff attempted to identify two prior cases one in the Orlando federal court and one from the Eleventh Circuit Court of Appeals,

both filed under her given name, "David Tennant." Id., p. 16. She did not disclose one filed as "Drew Rayne," which was identified in the undersigned's Report, namely, Rayne v. Inch, S.D. Fla No. 21-cv-14043-Cannon. The omission of Questions B and C avoids full disclosure of her litigation history.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case, without prejudice, as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

In its order to amend, the Court warned Plaintiff she was required to fully disclose her litigation history, including those cases filed in her given name, alias, or other legal name, and that failure to do so would result in dismissal for making affirmative misrepresentations under the penalty of perjury. ECF No. 4. Three times now, in the initial complaint, the first amended complaint, and the second amended complaint Plaintiff has either

made affirmative misrepresentations or avoided full disclosure. See ECF Nos. 1, 7, 10. Dismissal is proper.

## II. Conclusion and Recommendation

It remains respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to her litigation history.

**IN CHAMBERS** this 28th day of August, 2023.

>s/ Martin A. Fitzpatrick
>MARTIN A. FITZPATRICK
>UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).